EDWARD KENNEY *vs.* EDWARD P. SHAW.

Essex. November 9.— 10, 1882. LORD & C. ALLEN, JJ., absent.

A workman, engaged in blasting at a quarry, assumes the risks of his employment, and cannot maintain an action against his employer for an injury sustained in consequence of his obeying an order of another workman who superintends the blasting.

TORT, for personal injuries received by the plaintiff while in the defendant's employ. Answer, a general denial. Trial in the Superior Court, before *Rockwell,* J., who allowed a bill of exceptions, in substance as follows :

The plaintiff introduced evidence tending to show that, on August 2, 1881, the defendant, who was engaged in building the jetties at the mouth of the Merrimac River, employed the plaintiff to work in his quarry, where stone was got out for said jetties ; that the plaintiff's business was to hold or to strike a drill in the sinking of holes in rocks preparatory to the blasting of the same; that the defendant also had in his employ one Manning, who had charge of the blasting, directing the men where to strike the holes and the depth to which they were to be sunk, and who loaded the holes so sunk in the rocks with dualin and powder for blasting, exploded the blasting material when the holes were loaded, and notified the workmen when to leave the rocks to be so blasted and when to return to work after the blasts were made; that the plaintiff was not familiar with the blasting of rocks, and had no knowledge of, or skill in, the business of blasting rocks, except to strike or hold the drill in the sinking of holes; but he knew that the working in

a quarry, where blasting was being carried on, was a dangerous business.

It appeared that the plaintiff had been at work at the ledge about three weeks, and had seen what the process of loading was, namely, the placing of some sort of blasting powder in the bottom of the holes, and of a quantity of gunpowder in a cartridge upon it; that the plaintiff, on August 29, 1881, sunk two holes in some rocks in the regular course of his employment, and Manning loaded the same with dualin and gunpowder for the purpose of blasting the rocks, and, after so loading, fired the same, only one blast doing any execution; that, soon after the discharge of the loading doing no execution, Manning ordered the plaintiff to sink said hole two inches deeper, when the loading had not all been blown out, without notifying him that any blasting material was still in the hole; that the plaintiff, in pursuance of said order, put an iron drill into the hole, without any knowledge that any blasting material was in the hole, and not noticing that the drill did not go as far as the hole had been drilled; and that one of the employees of the defendant, at the request of the plaintiff, struck the drill, which caused the blasting material in the hole to explode, and the plaintiff received the injuries complained of.

There was no evidence that the failure of the gunpowder to explode or ignite dualin at the bottom of a drill hole had ever happened before, either at this place or elsewhere.

The judge ruled, at the defendant's request, that there was no evidence tending to show any liability on the part of the defendant for the injury sustained by the plaintiff; and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*C. P. Thompson*, for the plaintiff.

*H. N. Shepard*, for the defendant.

BY THE COURT. There was no evidence to show any liability of the defendant for the injury which the plaintiff sustained. The injury was caused by one of the risks of the employment which the plaintiff assumed.          *Exceptions overruled.*

MEMORANDUM.

On the tenth day of November 1882, the Honorable WALDO COLBURN, one of the Justices of the Superior Court, was appointed a justice of this court, in place of Mr. Justice ENDICOTT resigned, and took his seat upon the bench on the fourteenth day of the same month, at the term of the court then held at Boston in the county of Suffolk.