(90 App. Div. 577.)

BELLEGARDE v. UNION BAG & PAPER CO.

(Supreme Court, Appellate Division, Third Department. January 6, 1904.)

1. MASTER—INJURY TO SERVANT—EMPLOYERS' LIABILITY ACT—CONSTRUCTION.

Under Laws 1902, p. 1749, c. 600, § 1, subd. 2, providing that an employé, who is himself in the exercise of due care, when injured by the negligence of any person in the service of the employer exercising superintendence, shall have the same remedies against the employer as if he had not been an employé, an employer is liable for an injury to his employé by the fall of a derrick occasioned by the negligence of the superintendent in failing to guy the derrick in front after his attention was called to the fact that a guy in front was proper, though in other respects the derrick was a proper one, and the employer had furnished sufficient ropes to guy it properly.

Appeal from Trial Term, Saratoga County.

Action by John Bellegarde against the Union Bag & Paper Company. From a judgment for plaintiff, and an order denying a motion for a new trial (83 N. Y. Supp. 925), defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Edgar T. Brackett, for appellant.

T. F. Hamilton, for respondent.

HOUGHTON, J. The plaintiff was an employé of the defendant, engaged in the erection of a building. The work was in charge of a superintendent, who hired and discharged the men, and directed their work. For the purpose of hoisting large roof timbers, the superintendent erected on the floor of the upper story a "shears derrick." The legs of the derrick were back a few feet from the face of the building, and it was suspended over its edge, at an angle of about 45 deg., by a guy rope running to the rear. At the time of its erection the superintendent's attention was called to the fact that a guy rope to the front was necessary, or at least proper, but he declined to support it in that manner. As the first timber was lifted to the level of the flooring, the superintendent called the plaintiff from his work, in another portion of the building, and directed him to help haul it in between the legs of the derrick. As this was being done by the plaintiff in conjunction with the superintendent, the derrick was pulled up to a perpendicular position, and over backwards, striking the plaintiff and injuring him. The derrick was a proper one, and the defendant had furnished sufficient ropes to guy it properly. The alleged negligence consisted in the failure of the superintendent to guy the derrick in front, and it is manifest that, if this had been done, the accident could not have happened.

It was conceded on the trial that action would not lie, except under the provisions of the employers' liability act (chapter 600, p. 1748, Laws 1902), under which the complaint was framed. And this was true, for the structure was not a permanent one, but was one to be transferred from place to place as occasion required, and its erection and use were mere details of the work in which plaintiff was engaged; and the negligence of the superintendent, if any, notwithstanding he was exercising supervision, was that of a co-employé. The defendant, having supplied a proper derrick, with proper ropes to secure it, and a competent foreman to direct its erection, had done all that, at common law, an employer was bound to do; and any negligence by the superintendent in the use of these materials and appliances thus furnished came within the details of the work, instead of supervision, and was the negligence of a fellow workman, and one of the risks which the plaintiff assumed in accepting the employment, and in doing the work which he was directed to do. Loughlin v. State, 105 N. Y. 159, 11 N. E. 371; Hogan v. Smith, 125 N. Y. 774, 26 N. E. 742; Cullin v. Norton, 126 N. Y. 1, 26 N. E. 905; Bagley v. Consolidated Gas Co., 5 App. Div. 432, 39 N. Y. Supp. 302.

The plaintiff insists that the object of the employers' liability act
is to change the common law in this regard, and to relieve the em-
ployé from this risk, and to make the employer liable for such neg-
ligent acts of his superintendent. The defendant, on the other hand,
urges that the effect of the language of the act, in the second sub-
division of section 1, p. 1749, providing that the right of compensa-
tion and remedies of the employé shall be the same as though he
were not an employé, is to put him in the category of a mere licensee
upon the employer's premises, to whom there is not due the duty of
reasonable care, and that his only redress is for injuries arising from
unreasonable hazards or concealed dangers.

If the act accomplishes what the plaintiff claims it does, the judg-
ment must be affirmed, for there was evidence that the customary
and proper way to secure such a derrick was to guy it in front, and
the jury were justified in finding that the superintendent was guilty
of negligence in failing to do so. The plaintiff knew nothing as to
the support of the structure, or the manner in which it was erected,
and was working with his back to the derrick as it came to a per-
pendicular position and fell over upon him, obeying the directions of
the superintendent; and the jury properly found that he was not
guilty of contributory negligence. So far as we have been able to
ascertain, the phase of the statute under consideration has not been
passed upon by any of the appellate courts of our state, and we are
without the aid of such adjudicated cases. The statute, so far as it
affects the question involved, reads as follows:

"Section 1. Where, after this act takes effect, personal injury is caused to
an employee, who is himself in the exercise of due care and diligence at the
time: (1) By reason of any defect in the condition of the ways, works or
machinery connected with or used in the business of the employer, which
arose from or had not been discovered or remedied owing to the negligence of
the employer, or of any person in the service of the employer and entrusted
by him with the duty of seeing that the ways, works or machinery were in
proper condition; (2) by reason of the negligence of any person in the serv-
ice of the employer entrusted with and exercising superintendence whose
sole or principal duty is that of superintendence, or in the absence of such
superintendent, of any person acting as superintendent with the authority or
consent of such employer, the employee * * * shall have the same right
of compensation and remedies against the employer as if the employee had
not been an employee of nor in the service of the employer nor engaged in
his work."

In 1880 the English Parliament enacted an employers' liability
act, which remained in force until 1897; and, in turn, in 1885 the state
of Massachusetts enacted a substantial copy; and in 1902 the Legis-
lature passed our own act, practically the same as those acts in all
its essential features. The language of the English and Massachu-
setts acts is almost identical with the provisions of our statute quoted
above. The states of Indiana, Alabama, and Colorado also enacted,
prior to our own, statutes containing all or many of the provisions of
the original acts. The courts of England and Massachusetts, by
numerous decisions, have interpreted the language of the act, and de-
fined its scope and effect; and the interpretations put upon it by
those courts before our statute was passed, even if not binding upon
us, are entitled to great weight, as throwing light upon the intention

of our own Legislature in enacting the law.  It is a general rule that, when a foreign statute is re-enacted, it is to be understood as it has been interpreted by the courts of the country from which it was taken. President, etc., of the Waterford & Whitehall Turnpike v. People, 9 Barb. 161; Ryalls v. Mechanics' Mills, 150 Mass. 191, 22 N. E. 766, 5 L. R. A. 667; Commonwealth v. Hartnett, 3 Gray, 450.  It is fair to infer that the Legislature intended that the words used should have the meaning given to them by the courts, for, if it were intended to exclude any known construction of the statute, the legal presumption is that its terms would be so changed as to effect that intention. Beebee v. Griffing, 14 N. Y. 243.

Turning to the English and Massachusetts cases, we find that in Griffiths v. Dudley, 9 Q. B. D. 357, 362, decided in 1882, the court says:

"The employers' liability act was passed to obviate the injustice to workmen that employers should escape liability where persons having superintendence and control in the employment were guilty of negligence causing injury to the workmen.  The employer was, before the passing of the act, clearly liable when he himself was guilty of negligence.  It is also clear now that, for the negligence of a fellow workman not coming within any of the classes of persons specified in the act, the employer is not liable.  But before the passage of the act, Wilson v. Merry, L. R. 1, Sc. App. 326, had decided that, where the injury was caused through the negligence of a superior person in the employment, the workmen could recover no damages from their common employer.  The object of the act was to get rid of the inference arising from the fact of common employment with respect to injuries caused by any persons belonging to the specified classes."

By the practice of Massachusetts, the declaration of the plaintiff is permitted to contain common-law counts, as well as counts under the statute, and the employé can elect upon which he will rely.

In Coffee v. New York, etc., Railroad, 155 Mass. 22, 28 N. E. 1128, decided in 1891, Allen, J., referring to the employers' liability act, says:

"The right of an employé to maintain an action under this statute is not identical with his right to maintain an action at common law.  It may be greater, or it may be less.  The statute provides that in certain specified cases 'such employé shall have the same right of compensation and remedies against the employer as if the employé had not been an employé of nor in the service of the employer nor engaged in its work.'  In other words, in the cases specified the defense of common employment with the person through whose negligence the injury was caused is taken away."

As sharply illustrating the change in the law of Massachusetts effected by the statute and recognized by the courts, two cases may be cited:  Kenny v. Shaw, 133 Mass. 501, was a case where a workman engaged in blasting at a quarry was injured by attempting to drill into a hole at the direction of the superintendent, who had negligently failed to inform him that it contained unexploded blasting material, or had failed to ascertain whether the blast had been defectively fired; and it was held that the plaintiff could not recover, as the negligence was that of a co-servant.  In Malcolm v. Fuller, 152 Mass. 160, 25 N. E. 83, an employé was injured under practically the same circumstances, but he brought his action under the employers' liability act, and the master was held liable because of the negligence of the superintendent in improperly directing the cleaning of the blasting hole,

the court holding that the object of the statute was to make the employer liable for, and to prevent the employé from assuming, the risks of the negligence of the superintendent.

It will be observed that, before the enactment of the employers' liability act in Massachusetts, the courts of that state held in line with our own with respect to the negligence of superintendents, and that Kenny v. Shaw, supra, is in accord with the case of Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905, in which the employer was held not liable for the negligence of the superintendent of his quarry in not cleaning out a defective blast, and in putting an employé at work near it, although he knew it had not exploded, and which subsequently did explode, killing the workman. The extent to which the courts of Massachusetts had gone, prior to the enactment of our statute, in interpreting the employers' liability act in so far as it related to the liability of the employer for the negligent acts of his superintendent, is illustrated by the cases of Davis v. N. Y. & H. R. Co., 159 Mass. 532, 34 N. E. 1070 (holding him liable for the failure of his superintendent to warn a track repairer of an approaching train); Jarvis v. Coes Wrench Co., 177 Mass. 170, 58 N. E. 587 (failure to warn inexperienced workman of danger); O'Brien v. Nute-Hallett Co., 177 Mass. 422, 59 N. E. 65 (failure to inspect grain bin); and Prendible v. Connecticut River Mfg. Co., 160 Mass. 131, 35 N. E. 675 (failure to inspect temporary staging, or to prevent its being overloaded). These cases are not cited with approval or disapproval so far as the specific acts of negligence decided by them are concerned, but only as illustrating the interpretation of the act by the courts of that state prior to the enactment of our own law. In determining what are acts of negligence, and for what acts of the superintendent the employer is liable under the act, our courts may, and may not, follow the Massachusetts decisions, and that should be determined only as the several questions shall arise. So far as the interpretation of the statute under consideration is concerned, the decisions of that state, as well as of the English courts, however, commend themselves to us, and accord with our own views. We do not think the language of the act has the effect of making an employé a mere licensee upon the employer's premises, or that it was the intent of the Legislature to put him in a class of persons to whom the employer owed no duty of exercising reasonable care. The title of the act is "An act to extend and regulate the liability of employers and to make compensation for personal injuries suffered by employees." It would be doing violence to the avowed intention of the act to so interpret it that the rights of the employé should be taken away, rather than extended. At the time of the passage of the act, it was the unquestioned law that it was the duty of the employer to provide a reasonably safe place for his employé to work, and exercise a reasonable degree of care in providing him with suitable machinery and appliances, and in keeping the same in a proper state of repair, as well as to employ reasonably competent co-servants. He still owes those duties to his employé, and the statute has not relieved him from their performance. As an offset to these obligations, it was also the law that the employer was not responsible for injuries resulting from the negligence of a co-employé. This ex-

emption he still enjoys with respect to the negligence of an ordinary co-employé. Notwithstanding the act, the negligence of such a co-employé is one of the risks assumed; and, if an accident occurs by reason of the negligence of such a one, the employer is still relieved from liability. While ordinarily the superintendent represented the master, and while there were many duties he could not delegate, there remained a well-defined rule that when an employer had provided a proper place, machinery, tools, and appliances, and a competent superintendent, he was not responsible for the negligent manner in which the superintendent used them, or directed his servants to use them, because in that regard the superintendent was a co-employé, notwithstanding his position of superintendence. Fair illustrations of this exemption from liability for the negligent acts of superintendents or foremen are the cases of Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905; Schulz v. Rohe, 149 N. Y. 132, 43 N. E. 420; Kinner v. Weber, 151 N. Y. 422, 45 N. E. 860, 56 Am. St. Rep. 630; and Perry v. Rogers, 157 N. Y. 251, 51 N. E. 1021.

We think the object was, and the effect of subdivision 2 of section 1, p. 1749, of the employers' liability act, is, to take from the employer this defense of common employment where the injury results to an employé through the negligence of one whose sole or principal duty is that of superintendence. At least, this is so in the case at bar, where the negligence related to the place of performance of the work, and the construction of appliances for its prosecution. The superintendent of defendant was guilty of negligence in not properly guying the derrick after his attention had, been called to the insufficiency of its support. The defense that the negligence was that of a co-employé was not available to the defendant, and the judgment must be affirmed.

Judgment and order unanimously affirmed, with costs.