plaintiff against defendant corporation, the issuing of execution thereon, and the return of the same wholly unsatisfied. The answer alleges that defendant corporation has no knowledge or information sufficient to form a belief as to the entry of the judgment, and the issuing and return of the execution unsatisfied. The answer, as a separate defense, further alleges the commencement of dissolution proceedings, which have not yet been prosecuted to judgment. The plaintiff moves for judgment on the answer as frivolous. It has frequently been held that an allegation of no knowledge or information sufficient to form a belief as to the allegations of the complaint raises an issue (see Batterman v. Journal Co., 28 Misc. Rep. 375, 59 N. Y. Supp. 965; Grocers' Bank v. O'Rorke, 6 Hun, 18), and such a defense cannot usually be regarded as frivolous. In the case at bar, however, the defendant alleges ignorance as to a judgment and execution against itself, which should be peculiarly within the knowledge of its officers. Moreover, the judgment and execution are matters of public record, open to public inspection, and such want of knowledge and information arises from unwillingness to learn the facts. McLean v. Julien Electric Co. (Super. N. Y.) 19 N. Y. Supp. 906 (McAdam, J.); Ketcham v. Zerega, 1 E. D. Smith, 554. It seems to me that a defendant should not be permitted to use this form of denial if the necessary information is close at hand and easily procurable, as in the case at bar. The separate defense that dissolution proceedings have been begun, but not yet prosecuted to judgment, is not effective, because this fact would not prevent injury to plaintiff that might be irreparable. Before the judgment is entered in the dissolution proceedings, and the receiver therein appointed, the property of the defendant corporation may be entirely dissipated, unless the receiver in this sequestration suit is appointed. I think the motion for judgment on the answer should be granted, with $10 costs.

Motion granted, with $10 costs.

---

(101 App. Div. 134)

McLAUGHLIN v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. January 27, 1905.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—FELLOW SERVANTS.

Plaintiff, a street car conductor in defendant's employ, boarded a car during a temporary suspension of duty by reason of illness, and was directed by the conductor to ride on the front platform. While so riding without payment of fare, plaintiff was thrown from the car and injured by the negligence of the driver in suddenly loosening the brake. Held, that plaintiff was a fellow servant of the driver, and not entitled to recover.

2. SAME—EMPLOYERS' LIABILITY ACT.

The conductor of the car on which plaintiff, a conductor off duty, was injured, was not a person whose sole or principal duty was that of superintendence, within Employers' Liability Act (Laws 1902, p. 1749, c. 600) § 2, providing that the employer shall be liable for injuries to a servant resulting from the negligence of a co-employé exercising superintendence, etc., so as to entitle plaintiff to recover on the ground that such conductor was guilty of negligence in commanding plaintiff to occupy a dangerous position, on the front platform of the car.

**3. SAME—IDENTITY OF EMPLOYER.**
   .Where a notice of 'injury served by plaintiff was addressed to de-
fendant, and alleged that on the date of plaintiff's injury he was in de-
fendant's employ as a street car conductor, he could not claim on the
trial that the evidence showed that he was employed by a certain·rail-
way company other than defendant, and that there was no evidence
that such company and defendant were identical.

Appeal from Trial Term, Queens County.

Action by Joseph McLaughlin against the Interurban Street Railway
Company. From a judgment in favor of defendant, dismissing the
complaint, at the close of plaintiff's case, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS,
and HOOKER, JJ.

John C. Robinson, for appellant.
Bayard H. Ames, for respondent.

HIRSCHBERG, P. J. The plaintiff was seriously injured on De-
cember 17, 1902, while riding on one of the defendant's horse cars on
Avenue A, in the vicinity of Second street, in the borough of Manhat-
tan. He was a conductor in the defendant's employ, but had been laid
off a few days before because of illness, but had received on the day of
the accident a physician's certificate, required by the defendant's rules,
attesting that he would be able to resume his duties on December 18th.
He boarded one of the defendant's cars on the day of the accident, and
was allowed to ride free because he was wearing the uniform of a con-
ductor, and was regarded as being in the defendant's employment.
The conductor of the car required him to ride on the front platform,
and while he was there the driver suddenly loosened the brake, and the
resulting movement of the car threw him off and ·inflicted the very
serious injury of which he complains. The complaint is framed under
the act commonly known as the "Employers' Liability Act" (chapter
600, p. 1748, of the Laws of 1902), and proof was given of the service
of the notice required by section 2 of that statute.

Conceding that the plaintiff was free from negligence which con-
tributed to his accident, and that the act of the driver in suddenly re-
leasing the brake constituted negligence, I am of opinion that the
plaintiff cannot maintain this action, because the negligence was that of
a co-employé. The plaintiff must be regarded as in·the defendant's
service, under the circumstances of the case, notwithstanding the fact
that he was temporarily relieved from active duty by reason of his
sickness. He understood that he was traveling free because of his
uniform and because of his employment. 'He testified:

"On the strength of my uniform and the badge I had on, I had not paid
any fare when I went into the car. I intended to take a seat when— I had
not paid any fare at this time. I got on at Fourteenth street, and stood on
the front platform, and paid no fare. The reason I did that was because I
had my badge on, and uniform."

That an employé of a common carrier, riding free because of his
employment, cannot recover for injuries sustained by reason of the
negligence of a fellow servant, is settled law in this state. Ross v.
N. Y. Cent. ·& Hudson R. R. Co., 5 Hun, 488, affirmed 74 N. Y. 617;
Vick v. N. Y. C. & H. R. R. Co., 95 N. Y. 267, 47 Am. Rep. 36.

The provisions of the employers' liability act, supra, extend the liability of the employer to a case in which the injury results from the negligence of a co-employé only where the negligent person is "in the service of the employer entrusted with and exercising superintendence whose sole or principal duty is that of superintendence, or in the absence of such superintendent, of any person acting as superintendent with the authority or consent of such employer." The learned counsel for the appellant insists that the duties of a conductor embrace superintendence, and that it was negligence on the part of the conductor having charge of the car to compel the plaintiff to occupy a dangerous position upon the front platform. It is true that, in a general sense, the duties both of a car conductor and of a car driver require the exercise of superintendence to the extent that intelligent watchfulness is essential to the careful performance of their work; but the superintendence referred to in the statute is something more than this, and is intended to relate to that class of servants who are generally known as "superintendents," and whose sole or principal duty is to oversee the work of others.

The technical point is made on the appellant's behalf that his testimony was to the effect that in December, 1902, he was employed by the Metropolitan Street Railway Company, and that there is no evidence that that company and the defendant are identical. This point is destroyed by the notice of the accident, hereinbefore referred to, signed and served by the plaintiff, which is addressed to the defendant, the Interurban Street Railway Company, in which the plaintiff states (referring to the date of the accident) "that at that time I was on your employment list of conductors."

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.