WILLIAMS v. CITIZENS' STEAMBOAT CO. OF TROY, NEW YORK.

(Supreme Court, Appellate Division, Third Department. November 13, 1907.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—UNSAFE PLACE—DETAIL OF WORK.

Where plaintiff, a longshoreman, while assisting in unloading a steamboat moored to a dock, was injured by the fall of a box which had been negligently leaned against the side of the gangway, so that it was unstable, the negligence was in a detail of the work rendering the place unsafe, for which the master was not responsible at common law.

2. SAME—FINDINGS—EVIDENCE.

Where a longshoreman was injured by the fall of a box leaned against the side of the gangway of a steamboat, the fall of the box was presumptive evidence that it had been insecurely fastened.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 881–888.]

3. SAME—EMPLOYER'S LIABILITY ACT.

Employer's Liability Act, Laws 1902, p. 1748, c. 600, makes the master liable for the negligence of one exercising superintendence, or, in the absence of such superintendent, of any person acting as superintendent with authority of the employer. Defendant's superintendent, directing the unloading of a vessel, ordered a box to be placed in the gangway and leaned against the side thereof. The box fell, and under the direction of one who during the presence of the superintendent was plaintiff's fellow servant the box was again put in place, and afterwards again fell and injured plaintiff. Held, that in the absence of proof that the superintendent was absent from the works, and that the servant who directed the replacing of the box was an employé whose sole or principal duty was that of superintendence, the act of such servant was not an act of superintendence for which plaintiff could recover under such act.

Appeal from Trial Term, Rensselaer County.

Action by Frank Williams against the Citizens' Steamboat Com-

pany of Troy, N. Y. From a judgment for plaintiff and from an order denying defendant's motion for a new trial, it appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Murray Downs, for appellant.
A. J. Nellis, for respondent.

SMITH, P. J. The action is brought under the employers' liability act (Laws 1902, p. 1748, c. 600). The verdict was for $6,000. The claim of negligence is the negligence of one claimed to have been acting as the superintendent of the defendant.

The defendant operates a steamboat line between New York and Troy. At the docks in Troy there is a passageway, which is called a gangway, from the boat to the freightrooms of the defendant. From the boat to the passageway is a bridge; that is, placed when the boat is moored to the dock. That bridge is secured by four ropes. Two of the ropes were attached to the sides of the passageway, and the other two attached to the boat itself.

Upon the morning of the 5th of August, 1904, the defendant was unloading freight at its dock in Troy. A large box about 10 feet long, about 8 feet broad, and 10 inches or a foot thick, was on the boat to be unloaded. At the direction of one Vandervolgen, who was confessedly the superintendent of the defendant, the box was placed in the gangway, and leaned up against the side thereof. For some reason, the box afterwards fell. After it had fallen, under the charge of one Vanderheyden, the box was again put in place against the side of the gangway, the bottom being pulled out a little further than it was as it was first placed for greater stability. This box afterward fell, however, and injured the plaintiff, who was one of the freight handlers or longshoremen in the employ of the defendant.

Plaintiff can only recover if the negligent placing of this box was the act of the superintendent of defendant. If this was a common-law action, the negligence has been in a detail of the work and the place been made unsafe in the prosecution of the work, and for this the master is not liable. Citrone v. O'Rourke Con. Co., 188 N. Y. 339, 80 N. E. 1092; Russell y. Lehigh Valley R. Co., 188 N. Y. 344, 81 N. E. 122; Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905; Brown v. Terry, 67 App. Div. 223, 73 N. Y. Supp. 733. It is not distinctly shown as to what caused the box to fall. The boat at the dock would move a little back and forth, causing some movement of the bridge, and of the ropes which held the bridge to the sides of the gangway. It is thought that these ropes may have dislodged the box from its position sufficiently to cause it to fall over. The evidence justifies the finding that it might have been caused that way, or the box might have been thrown over by a strong gust of wind coming through the gangway. I am inclined to think that the falling of a box, which was subject to no outside interference, would be presumptive evidence of its being insecurely fastened. There is evidence that, if a chock had been put under the edge of the box, it would not have fallen. Of course, that would depend somewhat upon the size of the chock.

There is some evidence that a scantling was put under the edge of the box by Vanderheyden, when he caused the box to be replaced after it had once fallen; but, if so, that chock 'became dislodged, or was not large enough to prevent the box from falling. The evidence is, I think, sufficient from which the jury can find that there was negligence in the placing of that box.

The next question, and the most serious one, is whether Vanderheyden, who superintended the placing of the box the second time, was such a superintendent of the company as that his negligence was the negligence of the company. The employer's liability act (chapter 600, p. 1748, Laws 1902) makes the defendant liable for the negligence of one "exercising superintendence, whose sole and principal duty is that of superintendence, or in the absence of such superintendent, of any person acting as superintendent, with the authority or consent of such employer." The learned court charged the jury as follows:

"So, in this particular case, if one of their superintendents were negligent at all, that negligence is said to be the negligence of the defendant. So you must have in mind all the time when I speak of the negligence of the defendant the negligence of some one of its superintendents, somebody having authority to do what was done, and about which complaint is now made here."

At the close of the charge this colloquy took place between the court and the attorneys:

"Mr. Holmes (defendant's attorney): I ask your honor to charge that William Vanderheyden was not representing the steamboat company, the defendant, if the box was put up when John Vandervolgen was there upon the work, present on the work. The Court: I decline. (Defendant excepts.) The Court: If you mean by that that when John Vandervolgen was actually standing by, I would so charge. Mr. Holmes: I mean by that when he was present upon the works and directing the works himself. Mr. Nellis (plaintiff's attorney): The works were very large. He might be way off. The Court: The works were very large, and, if John Vandervolgen was even then engaged somewheres on the boat and knew nothing about the matter, about putting this up, but it was directed and superintended by William Vanderheyden, I charge that his acts were actually the acts of the defendant. (Defendant excepts.)"

The sixth request to charge by the defendant was as follows:

"That there is no proof that the box in question was set up in the gangway by the superintendent of the defendant, or any person intrusted with and exercising superintendence, whose sole and principal duty is that of superintendence, or, in the absence of such superintendence, of any person acting as superintendent, with the authority or consent of the defendant."

This request the court declined to charge, and exception was given to the defendant.

The twenty-fourth request to charge was as follows:

"That if you shall find that the box in question was placed in a position it was under the direction of William Vanderheyden, when the superintendent, John Vandervolgen, was present on the works, the plaintiff cannot recover."

This request was denied, and an exception taken.

The twenty-fifth request to charge was:

"That there is no proof that William Vanderheyden had any authority to exercise acts of superintendence when John Vandervolgen was on the works."

106 N.Y.S.—62

This request to charge was denied, and the defendant was given an exception.

It is undoubtedly· true that a master may have several superintendents, whose sole and principal duty is that of superintendence. In such a case the act of any one of such superintendents is under the employers' liability act charged to the master. It is also true that, in any large enterprise, it is impossible for the superintendent to give his personal attention to all matters of detail, and much is left to the discretion and good judgment of the workmen themselves. In the prosecution of such work one employé may perhaps give direction as to the detail of the work. To whatever extent, however, he may superintend this specific work given him in charge, his act of negligence is not chargeable to the master, unless his sole or principal duty be that of superintendence. It seems that in the case at bar the learned trial judge has allowed the plaintiff to recover for the negligence of Vanderheyden, while the superintendent Vandervolgen was not absent from the works, and without any proof to justify a finding that Vanderheyden was an employé whose sole or principal duty was that of superintendence. That may have been his position in the absence of Vandervolgen, but not when Vandervolgen was present. Under the evidence, he was an ordinary employé when Vandervolgen was present upon the works, with some power of direction. That seems to me the most that can be said of his superintendence.

The liability created by the employers' liability act has been held by this court to be in derogation of common law, and the act is subject therefore to strict construction. O'Neil v. Karr, 110 App. Div. 571, 97 N. Y. Supp. 148. Under the charge of the court the defendant has been made liable for the negligence of a mere co-employé, for which he is not liable either under the common law or under the employers' liability act. For this error, the judgment and order must be reversed and ·a new trial granted, with costs to appellant to abide the event.

Judgment and order reversed and new trial granted, with costs to appellant to abide event. All concur; COCHRANE, J., in result.