### FALK v. HAVEMEYER.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

MASTER AND SERVANT—INJURIES TO SERVANT—FELLOW SERVANTS—SUPERINTENDENCE.

Plaintiff, a machinist, was employed by defendant to assist in cleaning the sheaves and cables of the elevators in defendant's building. On the day he was injured he had undertaken to do such work in company with O., who was second assistant to the engineer. Plaintiff claimed that he was told by the chief engineer to assist O., and that he acted under O.'s orders, and was injured because of his negligence in telling plaintiff to go ahead with the work without giving warning to the men in charge of the elevator; plaintiff being subsequently injured by the starting of the

elevator. *Held*, that plaintiff and O. were fellow servants; the mere fact that O. was directed to stand guard and give directions when to proceed with the work being insufficient to constitute his acts, acts of superintendence within Employer's Liability Act, Laws 1902, p. 1748, c. 600, making the master liable for injuries to a servant by the negligence of a person exercising acts of superintendence, or acting with superintendence with the consent of the employer, etc.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 371, 372.]

Appeal from Trial Term, Queens County.

Action by Harry Falk against Henry O. Havemeyer. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Edward P. Mowton, for appellant.
A. Goldfarb, for respondent.

MILLER, J. This action is brought under Employer's Liability Act, Laws 1902, p. 1748, c. 600, and the plaintiff has recovered a judgment on the theory that his injuries were caused by the negligence of a person "in the service of the employer, intrusted with and exercising superintendence, whose sole or principal duty is that of superintendence, or, in the absence of such superintendent, of any person acting as superintendent with the authority and consent of such employer." While several questions are presented by the appellant, we shall only consider the exception to the denial of the motion to dismiss, which presents the question whether there was any proof that the person whose negligence caused the accident was a superintendent, exercising the duties of superintendence within the meaning of the statute.

The plaintiff was a machinist, and had been in the employ of the defendant three years, receiving $100 per month. One of his duties was to assist in the work of cleaning the sheaves and cables of the elevators in the building in which he was employed. On the day in question he had undertaken to do this work in company with one Otto Ottsberger, who had been in the employ of the defendant about a month, at $65 per month, as second assistant to the engineer, but had never assisted in the cleaning of the elevator sheaves before. The plaintiff asserts that he was told by the chief engineer to assist Ottsberger; that he acted under the orders of Ottsberger; that Ottsberger signaled the elevator man when to start and to stop, and told the plaintiff when it was safe for him to proceed with the cleaning; that while he was cleaning the sheave, after having been told by Ottsberger that it was safe to do so, the elevator was started, and his fingers were caught and the injury complained of was inflicted. Ottsberger was negligent in telling the plaintiff to go ahead with the work without giving a warning to the man in charge of the elevator. It is not pretended that Ottsberger's sole or principal duty was that of superintendence. He was a mere employé like the plaintiff. In fact, the defendant asserts that the plaintiff had charge of the work, and

that Ottsberger was merely his helper. While we adopt the plaintiff's version in determining the question of law, the defendant's version is supported by the relative experience of the two men in this particular work. The case was sent to the jury by the learned trial justice to say whether Ottsberger or the plaintiff was the superior in charge of the work of cleaning the sheaves, and the jury were instructed that if Ottsberger was the superior, deputed by the chief engineer to superintend the work, they could find that he was a superintendent. We think that upon the plaintiff's own showing he and Ottsberger were fellow servants; and the mere fact that one was a helper did not change their relation. Standing guard and giving directions when to proceed with the work were not acts of superintendence; and, even if the superintendent instructed Ottsberger to take charge of this particular work, that instruction did not amount to a delegation of duty. The superintendence intended by the statute involves more than the mere authority to give directions to a helper in respect of some limited detail of the work. McConnell v. Morse I. W. & D. D. Co., 187 N. Y. 341, 80 N. E. 190, 10 L. R. A. (N. S.) 419; McLaughlin v. Interurban Street R. Co., 101 App. Div. 134, 91 N. Y. Supp. 883; Quinlan v. Lackawanna Steel Co., 107 App. Div. 176, 94 N. Y. Supp. 942.

The judgment and order must be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.