KIRWAN v. AMERICAN LITHOGRAPHIC CO.

(Supreme Court, Appellate Division, First Department. February 7, 1908.)

MASTER AND SERVANT—INJURIES TO EMPLOYÉ—DANGEROUS MACHINERY.

A revolving shaft hung 4 inches under a table 10 or 12 inches back of the front edge, the table having a 4-inch board along its upper front edge, and another board at the bottom coming up from the floor a sufficient distance to leave an opening between the boards of 10½ to 16 inches, is "properly guarded," within Labor Law, Laws 1897, p. 480, c. 415, § 81, as amended by Laws 1906, p. 927, c. 366, § 1, so as to relieve the master from liability for injuries to an employé who was injured by crawling under the table through the opening in front to gather up some accidentally scattered work, though the employé was not warned of the danger of coming in contact with the shaft.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 229.]

Patterson, P. J., and Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Amelia Kirwan, an infant, by John A. Kirwan, her guardian ad litem, against the American Lithographic Company. From a judgment for plaintiff on the verdict of a jury, and from an order denying a new trial, defendant appeals. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Frank V. Johnson, for appellant.
Eugene L. Richards, Jr., for respondent.

HOUGHTON, J. The plaintiff was in the employ of the defendant, and at the time of the accident her duties were to bring printed pamphlets to the stitching table and put them in regular piles after they were stitched. The table at which she was at work was a little over 2 feet high and 2½ feet wide, and was one of a series of tables upon which were wire stitching machines. A power shaft, by means of which the machines were operated, 1¾ inches in diameter, hung about 4 inches below the under side of the table, and 10 or 12 inches back from its outside edge. There was a 4-inch board along the upper edge of the table which came down to a point level with the top or the middle of the shaft. There was another board at the bottom of the table, coming up from the floor a sufficient distance to leave the opening between the bottom and top boards between 10½ and 16 inches as variously described by the witnesses. While the plaintiff was at work some of the pamphlets which she was counting and piling fell to the floor and under the table. Plaintiff got down, as she describes it, upon her hands and knees, and crawled through this opening between the boards to pick up the pamphlets. In some way her hair came in contact with the revolving shaft above, and before the machinery could be stopped a large portion of her scalp was torn off. She was between 14 and 15 years of age, and, as conceded upon the trial, was rightfully employed by the defendant. The theory of the plaintiff is that the defendant was negligent in failing to properly guard the revolving

shaft under the table, and also in failing to warn her of the presence of the shaft and the danger of coming in contact with it.

We think the judgment cannot be sustained on either ground. Sec-. tion 81 of the labor law (chapter 415, p. 480, Laws 1897, as amended by section 1, c. 366, p. 927, Laws 1906) provides, amongst other things, that all "shafting" shall be "properly guarded." The intent of the law was to provide that those parts of the machinery which were dangerous to those whose duty required them to work in its immediate vicinity should be properly guarded. Neither by the labor law nor any other are masters called upon to guard against every possible danger. They are required only to guard against such dangers as would occur to a reasonably prudent man as liable to happen. Glens Falls P. C. Co. v. Travelers' Ins. Co., 162 N. Y. 399, 403, 56 N. E. 897. There could be no possible danger from the shaft to persons working at the table. It was completely covered by the top of the table and the side piece. The board at the bottom was a further protection to one at work standing or sitting. So far as the ordinary work of the establishment was concerned, contact with the shafting was completely prevented. It would be impossible to so cover the machinery of a factory that no one could crawl into it and be injured. Nor was the defendant required to warn the plaintiff of the danger of coming in contact with the shaft if she should crawl under the table. So far as appears, there was no reason why the defendant or any of its servants in charge of its various departments should apprehend that the plaintiff would get under the table for any purpose. There was therefore no occasion for warning her against the dangers of doing such an unexpected thing.

The verdict of the jury, which necessarily involved the finding either that the defendant had failed to properly guard the shafting or to warn plaintiff of its dangerous character, is against the evidence and the weight of evidence, and must be set aside.

The judgment and order reversed and a new trial granted, with costs to the appellant to abide the event.

INGRAHAM and McLAUGHLIN, JJ., concur.

PATTERSON, P. J. (dissenting). I am unable to concur in the reversal of this judgment. It is undoubtedly true that employers are only required to guard machinery "against such dangers as would occur to a reasonably prudent man as liable to happen." (Glens Falls P. C. Co. v. Travelers' Ins. Co., 162 N. Y. 404, 56 N. E. 897), but in this case I think, considering the nature of the work which the infant plaintiff was employed to perform and the situation of the revolving shaft, there was sufficient evidence from which the jury could draw the conclusion that this shaft should have been guarded so as to prevent persons working about it from being injured. As was said in the case cited, the necessity for the guard and the character and description of the guard must of necessity depend upon the situation, nature, and dangerous character of the machinery, and in each case becomes a question of fact.

The situation here was the following: The infant plaintiff was employed to bring unstitched sheets of pamphlets to a table upon which

were machines used in stitching or sewing them together, operated by other girls. The table was 30 inches wide and 26 inches high. Under the table was a revolving shaft about 4 inches below the table top. This table was a perfectly smooth surface with nothing at its edge to prevent the piles of unstitched material from slipping or falling therefrom. Underneath the surface of the table, and at its edge was a board 4 inches deep, the edge of which came down to a point level with the top or middle of the shaft. There was nothing, however, to protect that shaft. It may have been concealed from observation, but that was all. The open space under the table and the liability of sheets of paper falling from the table or being dropped or otherwise getting under the table was, as the jury might well have found, so likely to occur that something should have been done to protect a person seeking to recover such sheets of paper from being injured by the machinery. A very simple device would have accomplished the purpose. Certain unstitched sheets having fallen from the table and getting through the open space, the infant plaintiff undertook to recover them, and in the act of doing so her hair became entangled in the revolving shaft. It was for the jury to say whether the 4-inch board or strip at the front being under the top of the table was a sufficient protection against the shaft; and it was also for the jury to say whether the defendant, exercising the care of a reasonably prudent man, ought to have foreseen that in the performance of the work any of the employés might have to pick up sheets that had fallen from and dropped under the table. That was left as a question of fact for the jury to determine; for the court instructed the jury as follows:

"But I do charge that if a reasonably prudent man in the defendant's situation, exercising ordinary care, would not have foreseen that a person might have come in contact, as the plaintiff did, the defendant is not liable."

The judgment and order should be affirmed.

LAUGHLIN, J., concurs.