## HESS v. FURST.

(Supreme Court, Appellate Term. June 25, 1909.)

1. MASTER AND SERVANT (§ 182*) — INJURIES TO SERVANT—ACTIONS—EMPLOYER'S LIABILITY ACT.

Where a waiter was injured by slipping on a piece of fat allowed to fall on the floor of the kitchen through the carelessness of the cook, who had no control over the waiter and was not a superintendent representing the master so far as the waiter was concerned, there could be no recovery under the employer's liability act (Laws 1902, p. 1748, c. 600).

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 371, 372; Dec. Dig. § 182.*]

2. MASTER AND SERVANT (§ 85*) — DUTY OF MASTER TO GUARD AGAINST DANGERS.

A master is not an insurer of the servant's safety, but merely owes the duty of guarding against such dangers as would seem to a reasonably prudent man likely to occur under ordinary circumstances.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 136; Dec. Dig. § 85.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Eugene Hess against Samuel Furst. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN, and SEABURY, JJ.

Fraser & Oshlag, for appellant.
Feltenstein & Rosenstein, for respondent.

PER CURIAM. The undisputed evidence seems to show substantially the following state of facts, viz.: Plaintiff was a waiter in defendant's restaurant, and on October 19, 1908, while in the kitchen and on his way to the toilet, he stepped on a piece of fat that had fallen onto the floor, and he fell against a large iron pot that nearly filled the passageway and hurt his arm. The pot was placed there by the cook, and the piece of fat fell on the floor through the carelessness of the cook in cutting meat. The cook seems to have had no control over plaintiff, and not to have been a superintendent representing the defendant, so far as plaintiff was concerned.

It will be remembered that this action is brought under the employer's liability act (Laws 1902, p. 1748, c. 600), and, in order to hold the master liable under the act, it must be shown, not only that the negligence was that of one exercising superintendence, but that he was engaged in an act of superintendence at the time. Falk v. Havemeyer, 123 App. Div. 657, 108 N. Y. Supp. 140; Droge v. Robins Co., 123 App. Div. 537, 108 N. Y. Supp. 457; Quinlan v. Lackawanna Steel

Co., 107 App. Div. 176, 94 N. Y. Supp. 942; affirmed 191 N. Y. 329, 84 N. E. 73; Williams v. Steamboat Co., 122 App. Div. 188, 106 N. Y. Supp. 975; Bellegarde v. Bag Co., 90 App. Div. 577, 86 N. Y. Supp. 72. The evidence does not warrant a conclusion that the accident happened through the negligence of defendant in failing to provide a safe place for plaintiff to work in. The case seems to have been tried upon the theory that the piece of fat was the proximate cause of the accident. The evidence does not show that in the absence of the piece of fat the condition of the passageway was unsafe or dangerous. The accident evidently happened through the personal and individual carelessness of the cook. Whether aided or not by negligence on plaintiff's part is not necessary here to determine. Defendant was not an insurer of plaintiff's safety, but he merely owed the duty of guarding against such dangers as would seem to a reasonably prudent man likely to occur under ordinary circumstances. Kirwan v. Am. Litho. Co., 124 App. Div. 180, 108 N. Y. Supp. 805; King v. Reid, 124 App. Div. 121, 124, 108 N. Y. Supp. 615; Glens Falls P. C. Co. v. Travelers' Ins. Co., 162 N. Y. 399, 403, 56 N. E. 897.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.