## FALK v. HAVEMEYER.

(Supreme Court, Appellate Division, Second Department. May 12, 1911.)

TRIAL (§ 165*)—DISMISSAL—NATURE OF MOTION.

    A motion to dismiss presents only a question of law, which is whether an issue of fact is made by the evidence for the jury's determination, admitting all of the facts, and giving plaintiff every inference which can be properly drawn therefrom.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 373, 374; Dec. Dig. § 165.*]

Appeal from Special Term, Queens County.

Action by Harry Falk against Henry O. Havemeyer. From an order denying a motion for an order directing the substitution of executors as defendants, and for a continuance, and for leave to amend, plaintiff appeals. Reversed, and motion granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

H. A. Brann, Jr., for appellant.

Edward P. Mowton, for respondent.

RICH, J. On March 11, 1907, the plaintiff recovered a judgment against the defendant in an action brought to recover damages for an injury alleged to have been sustained through defendant's negligence. From the judgment and order denying defendant's motion for a new trial, the defendant appealed to this court. On December 4, 1907, while such appeal was pending and undecided, the defendant died testate. On January 10, 1908, the judgment and order were reversed, and a new trial granted. 123 App. Div. 657, 108 N. Y. Supp. 140. On January 16, 1908, the last will and testament of the deceased defendant was admitted to probate in New York county, and letters testamentary duly issued to the executors therein named, who qualified and entered upon the discharge of their duties and are yet serving. On March 5, 1908, the plaintiff moved the court at Special Term for an order directing the substitution of the executors and a continuance of the action, and for amendment of process and pleadings. The motion was denied, and from the order accordingly entered this appeal is taken.

The sole question presented is whether the reversal of the judgment and order was "upon questions of law only." The only question considered on the appeal was, in the language of Mr. Justice Miller, "the exception to the denial of the motion to dismiss," which was characterized as "the question of law." A motion to dismiss, like a motion for a nonsuit, presents a question of law only, which is whether, admitting all of the facts presented, and giving to the plaintiff the advantage of every inference that can properly be drawn from the facts presented, an issue of fact is presented for the determination of the jury. Kraus v. Birnbaum, 200 N. Y. 130, 133, 93 N. E. 474; Carney v. Minnesota Dock Co., 191 N. Y. 301, 84 N. E. 62.

---

The order must be reversed, with $10 costs and disbursements, and plaintiff's motion for the substitution of the executors of the deceased defendant, the continuance of the action against them, and the necessary amendment of process and pleadings, granted, with costs. All concur.