1907.] Citrone *v.* O'Rourke Engineering Const. Co. 339

N. Y. Rep.] Statement of case.

that the law has permitted the seller to make an unreasonable charge. Hence, when the plaintiff furnished and the defendant received and used the gas the latter was precluded by statute from raising any controversy such as this with respect to the reasonableness of the charge; in other words, the charge must, in view of. the statute, be deemed reasonable.

The order appealed from should be affirmed, with costs, and the questions certified answered in the negative.

Cullen, Ch. J., Edward T Bartlett, Haight, Vann, Hiscock and Chase, JJ., concur.

Order affirmed.

---

Donato Citrone, Respondent, *v.* O'Rourke Engineering Construction Company, Appellant.

Master and Servant — Safety of Working Place — Negligence.
The rule, that it is the duty of the master to furnish his servants with a reasonably safe place to work in, has no application when. the danger to which his servants are exposed is due to the manner in which the work is prosecuted.

*Citrone* v. *O'Rourke Engineering Const. Co.*, 113 App. Div. 518, reversed.

(Argued April 19, 1907; decided April 30, 1907.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 13,. 1906, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Theodore H. Lord* for appellant. The plaintiff and members of his gang were engaged in the construction of the trench at the time of the accident. Therefore the trench was not a place to work furnished by the defendant, and the complaint should have been dismissed. (*Hogan* v. *Smith*, 125 N. Y. 774; *Cullen* v. *Norton*, 126 N. Y. 1; *Perry* v. *Rogers*, 157 N. Y. 251; *Kimmer* v. *Weber*, 151 N. Y. 417; *O'Connell* v. *Clark*, 22 App. Div. 466; *Brown* v. *Terry*, 67 App Div. 223; *Trapasso* v. *Coleman*, 74 App. Div. 33; *Vogel* v.

*A. B. Co.*, 180 N. Y. 373; *Capasso* v. *Woolfolk*, 163 N. Y. 472.) The danger of working in this trench, in the absence of shoring from the top to the bottom, was an obvious risk assumed by the plaintiff. (*Kimmer* v. *Weber*, 151 N. Y. 417; *Marsh* v. *Chickering*, 101 N. Y. 396; *McCarthy* v. *Washburn*, 42 App. Div. 252; *Spencer* v. *Worthington*, 44 App. Div. 496; *Hempstock* v. *L. I. & S. Co.*, 98 App. Div. 332.)

*Thomas J. O'Neill* for respondent. Plaintiff was put to work in an unsafe place. (*Simone* v. *Kirk*, 173 N. Y. 16; *Finn* v. *Cassidy*, 165 N. Y. 584; *Doyle* v. *Baird*, 6 N. Y. Supp. 517; *Schmit* v. *Gillen*, 41 App. Div. 302.) The plaintiff was not guilty of contributory negligence, nor were his injuries caused by any risk which he assumed. (*Braunberg* v. *Solomon*, 102 App. Div. 332; *Rice* v. *E. P. Co.*, 174 N. Y. 398; *Alcott* v. *Kirkham*, 101 App. Div. 77; *N. P. R. R. Co.* v. *Babcock*, 154 U. S. 190; *Simone* v. *Kirk*, 173 N. Y. 9; *Swarts* v. *R. M. W. Mfg. Co.*, 100 N. Y. Supp. 1054; *Ward* v. *M. Ry. Co.*, 95 App. Div. 442; *Kiernan* v. *Eidlitz*, 100 N. Y. Supp. 733.)

WILLARD BARTLETT, J. The judgment which comes before us for review on this appeal is based upon the alleged negligence of the defendant corporation in failing to provide the plaintiff, who was a laborer in its service, with a reasonably safe place wherein to do the work which he was employed to perform. That work, considered as a whole, was the construction of a trench through earth and rock in the city of New York. It was prosecuted first by blasting and secondly by the removal of the blasted material. The plaintiff does not appear to have had anything to do with the blasting, but he and the gang of workmen to which he belonged would enter the portion of the trench already open after a blast had been fired and assist in removing the broken stone, sometimes breaking it up into smaller pieces to facilitate the process of removal. While engaged in this employment on September 13, 1904, he was injured by the fall upon him of some loose stones and earth from the sides of the trench. A small blast

had previously been fired immediately ·before he began to work about two hours earlier on the same morning.

The theory of the plaintiff's case, as presented to the jury, was that the defendant was negligent in not protecting him and his fellow-laborers against such an accident as that which befell him, which could have been done by shoring or bracing up the sides of the trench so far as it had already been opened. At the place where the accident occurred the trench was about fourteen feet deep and six or seven feet wide and was being cut mostly through rock. There was shoring on the sides to the height of five or six feet from the bottom, but no further up. The question which the learned trial judge left to the jury on this branch of the case was thus stated in his charge: "Was this trench made reasonably safe for such work, considering the character of the work which was necessarily dangerous? In other words, was this trench where the plaintiff was employed made as safe as a trench where the work of excavating and blasting is carried on ordinarily is made by ordinarily prudent men?"

The jury must have answered these questions in the negative in order to find the verdict which they rendered in favor of the plaintiff; for they were expressly instructed by the court that they could not hold the defendant liable either for a failure to provide competent workmen to perform the work or for a failure to provide proper tools or appliances with which the work was to be done.

It was the contention of counsel for the defendant on the trial, and he contends here, that under the circumstances disclosed by the uncontradicted evidence the doctrine of the duty of a master to furnish his servant with a reasonably safe place to work in has no application to the case at bar. This point is distinctly raised by proper exceptions, and if well taken is fatal to the judgment.

In my opinion it is well taken. The evidence clearly shows that the work to be done was the construction of the trench. The learned trial judge so instructed the jury. As I have already pointed out, this work of construction was two-fold in

character and consisted of the blasting followed by the removal of the material. The gang of workmen to which the plaintiff belonged were fellow-servants with those engaged in the blasting. Precisely what that gang did appears from the testimony of another witness who belonged to it. " After a blast," he said, " we would be sent to clean out the stone that had been loosened by the blast. Wherever the stone fell after the blast was the place to which we went to clean it out; that is the way we were working. That is the kind of work that all the men in that gang were doing and some of them were breaking stone and some of them putting them up. He [the plaintiff] was working removing the stone that had been thrown out by some blast; he was there where they had blasted and we were cleaning it out. Immediately after the blast some of them would lift the stone from one bank to another and others would load cars. They would get these stones from down in the ditch wherever there was blasting."

It is apparent from this and all the other evidence in the case relating to the character of the work and the manner in which it was being conducted, that whatever was the danger to which the men were exposed it was due to the manner in which the work was prosecuted. The degree of safety near the head of the trench was constantly subject to change as the trench was extended. Under such circumstances, the rule of law which makes it incumbent upon an employer to provide or maintain a safe place in which his employees are to do their work has no application. As was said by Mr. Justice CULLEN in *O'Connell* v. *Clark* (22 App. Div. 466), " the principle of a safe place does not apply where the prosecution of the work itself makes the place and creates its danger," and by the same judge in *Stourbridge* v. *Brooklyn City R. R. Co.* (9 App. Div. 129): " The rule that the master must provide a safe place for work only applies where the work and the place are not connected ; where the work is not in the construction of the place as in the case of a mill, a factory, mine, ship, well, etc." All those engaged in the master's service in effecting a common purpose are to be deemed fellow-servants,

notwithstanding the fact that the work is done in successive stages, different parts thereof being devolved upon different persons, and the labor performed by one set of employees being prior in time to that performed by another set. (*Murphy* v. *Boston & Albany R. R. Co.*, 88 N. Y. 146. See, also, *McGuire* v. *Bell Telephone Co.*, 167 N. Y. 208, 215; *Neagle* v. *Syracuse, B. & N. Y. R. R. Co.*, 185 N. Y. 270.) If, therefore, the accident to the plaintiff was due to the carelessness of those who did the blasting this was the negligence of his fellow-servants for which the master could not be held responsible at common law, and the trial court ruled that the plaintiff was not entitled to go to the jury under the Employers' Liability Act, though for what reason does not appear.

The learned counsel for the respondent relies largely upon *Kranz* v. *Long Island Ry. Co.* (123 N. Y. 1) as an authority for the application of the doctrine of a safe place to the case at bar, but in the *Kranz* case and the other trench cases in which that doctrine has been held applicable, the person injured had nothing to do with the preparation of the trench in which the accident occurred. It was prepared not by him, but for him long before he began work therein and that work constituted no part of the construction of the trench itself. (See *Schmit* v. *Gillen*, 41 App. Div. 302.) In the present case, however, the plaintiff was engaged in the removal of material the removal of which was just as essential to the construction of the trench as was the preliminary blasting.

The opinions in the Appellate Division were devoted chiefly to the consideration of another and very interesting question relating to the plaintiff's assumption of risk growing out of the decision of this court in the case of *Rice* v. *Eureka Paper Co.* (174 N. Y. 385); but it is not necessary to consider that question now if the foregoing views are correct as they suffice to require a reversal of the judgment and a new trial, with costs to abide the event.

Cullen, Ch. J., Gray, Edward T. Bartlett, Haight, Werner and Hiscock, JJ., concur.

Judgment reversed, etc.