WARD v. EDISON ELECTRIC ILLUMINATING CO. OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department. January 24, 1908.)

1. MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE.

Whether the master was guilty of negligence in having a manhole lowered into a place made for it without having it braced, with the result that a servant shoveling sand from beneath it, to allow of its being still further lowered, was injured by its breaking and one of the sections falling on him, is a question for the jury; there being evidence that it was not safe or proper to lower it without its being first braced interiorly and exteriorly.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1010–1050.]

2. SAME—CONTRIBUTORY NEGLIGENCE.

Whether a servant, who, while digging sand from under a manhole, to permit of its being still further lowered, was injured by its breaking and a section falling on him, was guilty of contributory negligence, is a question for the jury; he having been exercising due care, and performing his work in exactly the way he had been ordered to do it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1089–1132.]

3. SAME—ASSUMPTION OF RISK.

Whether an employé, who, in digging sand from under a manhole, which was being lowered into an excavation without its being braced, was injured by its breaking and a section of it falling on him, understood the danger of the collapse, and hence whether the risk was apparent to and assumed by him, is a question for the jury; he having been a common laborer, whose work in the main was with pick and shovel, and who was, in a measure at least, illiterate, and under the duty to work here and there as instructed, and in the way he was told.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1068–1088.]

4. SAME—SAFE PLACE TO WORK.

The rule that the principle of a safe place to work does not apply where the prosecution of the work itself makes the place and creates the danger does not obtain where an employé, in digging sand from under a manhole to permit it to be still further lowered, was injured; the walls of the trench not having fallen, but the injury having resulted from the manhole breaking and one of its sections falling on him, because of its not being properly braced while being lowered, and the duty of bracing it having been that of the master.

5. SAME.

That an employé, who, while digging sand from under a manhole, which was being lowered into a trench, to permit its being still further lowered, was injured by its breaking and a piece of it falling on him, because of its not being properly braced, had, a week or two previously, while the manhole was being built on the surface of the ground, shoveled sand in connec-

tion with its building, does not affect his right of recovery; it not abridging the master's duty to properly brace the manhole while it was being lowered.

Appeal from Trial Term, Kings County.

Action by Patrick Ward against the Edison Electric Illuminating Company of Brooklyn. From a judgment for defendant, and from an order, plaintiff appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, GAYNOR, and RICH, JJ.

Rufus O. Catlin, for appellant.
Frederick Hulse, for respondent.

HOOKER, J. The plaintiff was nonsuited in this action of master against servant. The defendant had built a so-called "manhole" of concrete, rectangular in shape, about eight feet in length by six feet in width, and several feet in depth. Because of the presence of water a short distance below the surface of the ground, the manhole could not be constructed in the ordinary way. Therefore a hole was dug in the ground, at a point where the manhole was designed to be located, down as far as the water level, and then the hole was filled with sand. Upon this sand the bottom and walls of the manhole were built. The manhole was lowered by digging a trench around all its sides, and then, by shovel, removing the sand from under the completed structure. After the concrete, of which the manhole was constructed, had been allowed to set for some time, the boards and braces were removed and the sinking of the manhole into place undertaken. While this process was being performed, no supports, either interior or exterior, were placed upon the structure. When it had been lowered several feet, the plaintiff, who was engaged in shoveling sand from beneath it to allow it to go still further down, was injured because the manhole broke apart and one section fell over against him as he was working in the trench.

The case should have been submitted to the jury. Upon the question of the defendant's negligence, evidence on the part of the plaintiff was received which tended to show that it was not safe or proper to lower this structure without its being first braced interiorly and exteriorly. This precaution had not been observed by the defendant, and it therefore became a question of fact for the jury's determination whether the defendant had discharged the duty of ordinary care for the safety of its employés.

Upon the question of the plaintiff's contributory negligence the case was also for the jury. It appeared that the plaintiff was exercising due care and performing his work exactly in the way that he had been ordered to do, and he was certainly guilty of no act of carelessness or negligence which contributed to the injury.

Upon the question of the assumption of the risk I think the case should also have been submitted to the jury. In Logerto v. Central Building Company (decided herewith) 108 N. Y. Supp. 604, I said in my dissenting opinion:

"Obvious risk is such as is apparent, and it must be apparent to the person who is claimed to have assumed the risk. Danger from heat generated upon the union of sulphuric acid and water might be perfectly apparent to one familiar with the inside of a chemical laboratory, danger of the collapse from the overloading of a mechanical structure might be perfectly apparent to a mechanical engineer, and danger from the misuse of an electric current might be entirely apparent to an expert electrician; but these and similar dangers are hidden mysteries to many, and vaguely understood by others. On the other hand, it may well be that generally the danger from a revolving buzz saw is apparent to all who see it in operation. There is a sliding scale of character of dangers, and another of the ability of those who are in danger to understand them. It is fitting, therefore, that it should be left, as provided in the statute, to a jury's judgment whether the danger is obvious."

There a bank of earth was being removed by the plan of undermining it and prying off the overhanging portion. The plaintiff was 24 years old, and had never been engaged in any other work than that of common laborer. He was unable to speak English, and testified through an interpreter; and it seemed to me that the question whether, under all the circumstances, he understood the danger, was for the jury's determination. Here the plaintiff was also a common laborer, whose work, in the main, was with pick and shovel. A reading of his evidence shows that he was, in a measure at least, illiterate, and it appeared that his duty was to do work here and there wherever he was instructed, and in the way which he was told. Whether he understood the danger of the collapse of the manhole, and hence whether the risk was apparent to him, was for the jury.

The respondent cites Citrone v. O'Rourke Engineering Construction Company, 188 N. Y. 339, 80 N. E. 1092, as maintaining the proposition that "the principle of a safe place does not apply where the prosecution of the work itself makes the place and creates its danger." In this case the wall of the ditch did not fall. It was the structure, which the jury would have been justified in finding was improperly braced, which caused the accident. The duty of bracing, if the jury should find such duty existed, was that of the master, and the mere act of the plaintiff in digging sand from under it did not lessen the master's obligation. It may not be out of place to observe that the jury would not have been justified in attaching any importance to the crack which appeared in the structure; for under the state of the proof there was no evidence that the structure broke at the crack, or that the presence of the crack had to do with the collapse.

The fact that a week or two previous to the accident, and while the manhole was being built upon the surface of the ground, the plaintiff shoveled some gravel in connection with its building, does not prevent his recovery. The duty the master owed the plaintiff to exercise reasonable care for his safety in properly bracing the manhole was not abridged or cut down by the mere fact that while it was being built, and wholly independent of its subsequent strengthening for lowering, the plaintiff merely shoveled gravel.

The judgment must be reversed, and a new trial granted; costs to abide the event. All concur, except HIRSCHBERG, P. J., not voting.