·or ·the materials ·purchased, o'r the kind of materials, or the price paid for them. He was' then handed a typewritten paper.' He did not pre-·pare it, was not present when it was prepared, and there is no evidence as to who did prepare it, nor did the witness know that it was ·correct. Under the pretense of refreshing his recollection, he was allowed to read from this paper. This was error. A memorandum, to be used for such a purpose, must have been made by the witness, either at the time of the transaction or so soon afterward ·that it was then fresh in his memory, or, if made by another person, must have been read by the witness within such time and be known· by· him to be correct at the ·time that he read it. Stephen's Digest of Evidence (Beer's Ed.) 461.

The· judgment of the Municipal Court must be reversed, and a new ·trial ordered; costs to abide the event. · All concur.

---

POWERS v. FIRST NAT. BANK OF AMENIA.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

MASTER AND SERVANT (§ 107*)—INJURY TO SERVANT—SAFE PLACE IN WHICH TO WORK—EVIDENCE.

> To prevent rock and earth falling into a tunnel while an incline for the running of ore cars was constructed, a cover of slabs at the top of the tunnel was made. After a blast of rock for the incline, it was dis-covered that one of the slabs had been carried away. A servant was di-rected to put another slab in its place, and while doing so he stepped· on one of the remaining slabs and fell into the tunnel. The slabs were set at an angle, and it was probable that the servant merely slipped on a slab. *Held*, that there could be no recovery on the ground that the master had failed to furnish a safe place.
>
> [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 107.*]

Appeal from Trial Term, Dutchess County.

Action by James Powers against the First National Bank of Ame-·nia. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and BURR, JJ.

William L. O'Brion, for appellant.
William Downing, for respondent.

MILLER, J. This is a negligence action by a servant against the master. The plaintiff was employed in the construction of a tunnel or shaft and an incline for the running of ore cars from a mine.· The tunnel or shaft had been opened, and rock, a few feet above the open-ing, was being blasted away for the incline.· For the purpose of pre-venting the rock and earth falling into the tunnel, a covering was made, consisting of slabs six or seven feet long, nailed at either end to the timbers at the opening of the tunnel. After a blast it was observed ·that one of the slabs had been struck and carried away, and the plain-tiff's superintendent directed him to put another slab in its place.· While undertaking to do that, he stepped upon one of the remaining

slabs, and it either turned or his foot slipped, and he fell through the hole into the tunnel, sustaining injuries for which this suit is brought.

The learned trial justice submitted to the jury the question whether the defendant furnished the plaintiff a safe place in which to work; but the slab covering of the tunnel opening was in no sense a place to work, furnished by the master. It was a mere detail of the work itself. Indeed, the plaintiff was injured while repairing the so-called place to work, and the evidence does not disclose but what the condition which caused the plaintiff to fall was the very thing which he was sent to repair. The slabs were set at an angle. It appears that there was snow on the ground, and it is quite probable that the plaintiff merely slipped on one of the slabs and fell through the hole. At any rate, the doctrine of safe place had no application. Citrone v. O'Rourke Const. Co., 188 N. Y. 339, 80 N. E. 1092.

The judgment is reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.