## JANISZEWSKI v. FITZPATRICK.

(Supreme Court, Appellate Division, Second Department. May 16, 1913.)

1. TRIAL (§ 252*)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

It is fatal to the judgment, on a general verdict for plaintiff in a servant's action for injury, that two grounds of liability were submitted to the jury, when the proofs did not warrant it as to one of them.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 508, 596–612; Dec. Dig. § 252.*] ·

2. MASTER AND SERVANT (§ 278*)—SAFE PLACE TO WORK—EVIDENCE.

Evidence in a servant's action for injury from the falling of part of a pile of gravel on him while shoveling from its base *held* insufficient to make a case other than within the rule that the doctrine of the master's duty to furnish a safe place to work does not apply where the servant's work is changing the place and making the danger.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

Thomas, J., dissenting.

Appeal from Trial Term, Queens County.

Action by Felixa Janiszewski, administratrix of Anton Janiszewski, deceased, against William H. Fitzpatrick. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and STAPLETON, JJ.

William Rasquin, Jr., of New York City, for appellant. ·
Alvin C. Cass, of New York City, for respondent.

JENKS, P. J. [1] As the verdict for the plaintiff upon the question of the master's liability was general, it may have rested exclusively upon the first question of such liability submitted to the jury. If that question was submitted erroneously, the plaintiff must show

that the error did not and could not have affected the verdict (Greene v. White, 37 N. Y. 405); but that seems to be an impossible task.

[2] The court charged the jury that the defendant's liability rested, if at all, upon the Employer's Liability Act (Consol. Laws 1909, c. 31, §§ 200–204), and submitted as the first question defects in the ways, works, machinery or plant, and as the second question the negligence of superintendence. I think that the defendant's specific exception to the submission of the first question was well taken and is fatal to the judgment. The defendant was a contractor. In connection with his business he used an open lot, yard, or space where there was a pile of gravel, screenings, or crushed stone, about 100 feet in length, 25 or 30 feet in width, and 8 feet high. There was an overhang of from 2 to 3 feet, and there is evidence that the pile was frozen. When the intestate and four or five of his fellow servants were at work at the base of the pile, shoveling gravel therefrom into a truck, a part of the pile tumbled down upon the plaintiff's intestate and killed him. The mass that fell upon him and about him was estimated at about two truck loads. In the absence of all proof to the contrary, such a subsidence would seem to be the natural consequence of removing the support afforded by the gravel at the base of this pile. The casualty happened on Monday. Plaintiff's witness, Skoroszewski, saw this overhang when he passed by that pile on the Saturday previous. He testifies that the appearance of the pile on that Saturday and on that Monday at 7:45 a. m. had not changed, and he says, speaking of that appearance on Saturday: "The work had been done. The pile was made." I find no other testimony that bears upon this subject.

We may concede that the pile had been made on Saturday, and that as it had been left on that day it stood on Monday at 7:45 a. m.; but this concession does not affect the possibility or the probability that the work done on Monday by the intestate and his companions of shoveling away the gravel from the base changed the character of the pile and its stability, and by removing the support caused the top to fall in. Skoroszewski himself, when he first observed the pile on Monday, saw the five or six people at work at the bottom thereof. It does not appear how long they had been on this work, but certainly such a force would make material inroads upon such a pile in a very brief time. I think, then, that there was not proof sufficient to take this case from the purview of the doctrine of Citrone v. O'Rourke Engineering Const. Co., 188 N. Y. 339, 80 N. E. 1092, 19 L. R. A. (N. S.) 340, Mullin v. Genesee County, etc., 202 N. Y. 275, 95 N. E. 689, Logerto v. Central Building Co., 123 App. Div. 840, 108 N. Y. Supp. 604, and like cases. In Citrone v. O'Rourke Engineering Const. Co., supra, it is said by Willard Bartlett, J.:

"As was said by Mr. Justice Cullen in O'Connell v. Clark, 22 App. Div. 466 [48 N. Y. Supp. 74]: 'The principle of a safe place does not apply where the prosecution of the work itself makes the place and creates its danger.' And by the same judge in Stourbridge v. Brooklyn City R. R. Co., 9 App. Div. 129 [41 N. Y. Supp. 128]: 'The rule that the master must provide a safe place for work only applies where the work and the place are not connected, where the work is not in the construction of the place, as in the case of a mill, a factory, mine, ship, well,' " etc.

In Mullin v. Genesee Co., etc., supra, it is said by Werner, J.:

"The reason for this exception to the general rule is that it would be manifestly absurd to hold a master to the duty of providing a safe place when the very work in which the servant is engaged makes it unsafe."

The judgment and order should be reversed, and a new trial should be granted; costs to abide the event.

CARR, RICH, and STAPLETON, JJ., concur. THOMAS, J., dissents.