The People of the State of New York, Respondent, v. John Thompson, Appellant.— Motion granted.     Present — Jenks, P. J., Burr, Thomas, Stapleton and Putnam, JJ.

Walter Beatty, Respondent, v. Holbrook, Cabot & Rollins Corporation, Appellant.— Judgment and order reversed and new trial granted, costs to abide the event, on the authority of *Citrone* v. *O'Rourke Engineering Construction Co.* (113 App. Div. 518; 188 N. Y. 339); *Russell* v. *Lehigh Valley R. R. Co.* (Id. 344). Jenks, P. J., Burr, Thomas, Carr and Putnam, JJ., concurred.

Mary Brockhausen, as Administratrix, etc., Appellant, v. The New York Central and Hudson River Railroad Company, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Thomas, Carr, Stapleton and Putnam, JJ.

Henry Buseman, Respondent, v. Patrick McGovern and Charles Perrin, Copartners, etc., Appellants. — Judgment and order reversed and new trial granted, costs to abide the event, upon the ground that fairly construed the complaint did not charge omission to oil the derrick as one of the defects. The evidence with regard to such omission was seasonably objected to, and when received failed to establish by a fair preponderance thereof that the breaking of the gooseneck was due to such omission. Burr, Stapleton and Putnam, JJ., concurred; Jenks, P. J., and Carr, J., concurred in the result.

Victoria Cikara, as Administratrix, etc., of Pascovale Cikara, Deceased, Respondent, v. Petroleum Iron Works Company, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Burr, Carr, Stapleton and Putnam, JJ.

Hazel Frances Fox, Respondent, v. David Fox, Appellant.— There is no allegation in the complaint that the disease of epilepsy has any effect upon the ability of the person suffering therefrom to discharge every obligation of the marital relation, or that his progeny, if any, will be in any wise affected thereby. Interlocutory judgment reversed, and demurrer sustained, with leave to plaintiff to serve an amended complaint within twenty days, without costs. Jenks, P. J., Burr, Thomas, Carr and Rich, JJ., concurred.

The Hewletts Land and Improvement Company, Appellant, v. Robert L. Burton, Respondent. — Order modified by requiring the bill of particulars to set forth: *First*, a complete and detailed statement showing the names of each and every creditor of the corporation plaintiff at the time of the transfer of the assets to defendant Burton, together with the amounts due to each and every creditor. *Second*, an exact and detailed list of each and every stockholder of the plaintiff corporation, together with the number of shares owned by him, who did not consent to such transfer. *Third*, an exact and detailed statement showing in what amounts the directors or officers of the company were unsecured creditors, or who of them were indorsers on the outstanding and unpaid notes of said company, and to what extent; and an exact and detailed statement showing in what amount the president and general manager were creditors of said company for money advanced for taxes and tax certificates as