BITOLIO v. BRADLEY CONTRACTING CO.   (No. 6969.)

(Supreme Court, Appellate Division, First Department.   March 26, 1915.)

1. MASTER AND SERVANT ⟨⟩278 — INJURY TO SERVANT—NEGLIGENCE — EVIDENCE.

An employé, lifting into a car broken rock thrown by blasts in constructing a tunnel, was injured by the fall of rock. No work had been done at the place of the accident for from three to five weeks. There was no shoring or timbering in the tunnel. Two days before the accident the foreman was informed of the danger, but did nothing. No scalers were employed to examine the walls and scale down dangerous rock. *Held* to establish a prima facie case of the employer's liability under the Employers' Liability Act (Consol. Laws, c. 31, §§ 200–204).

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. ⟨⟩278.]

2. MASTER AND SERVANT ⟨⟩270—INJURY TO SERVANT—EVIDENCE—NEGLIGENCE.

Where, in an action for injuries to an employé at work in a tunnel by the fall of a rock, there was evidence that no work had been done at the place of the accident for from three to five weeks before the accident, evidence of prior falls of rock at the place was competent to show the nature of the place and notice thereof to the employer.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–927, 932; Dec. Dig. ⟨⟩270.]

Appeal from Special Term, First Department.

Action by Ernesto Bitolio against the Bradley Contracting Company. From a judgment dismissing the complaint at the close of plaintiff's

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

case in an action to recover damages for personal injuries, plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Rosario Maggio, of New York City, for appellant.

Frederick L. C. Keating, of New York City, for respondent.

CLARKE, J. The plaintiff was 31 years old and had been a tunnel worker nearly all his life. On the 28th of March, 1913, he was employed as a mucker by the defendant, which, under contract, was constructing the Lexington Avenue subway. The shaft at Lexington avenue and Fifty-Sixth street was between 85 and 90 feet deep. The tunnel was about 20 feet wide at the bottom and 25 or 30 feet high, and ran about 15 feet north of Fifty-Sixth street and 100 to 125 feet south. The blasting was being carried on at the end of the tunnel as it was pushed south. The muckers and all other workmen were ordered out of the tunnel by the foreman before each blast and returned on his directions.

[1] At the time of the accident, the plaintiff, with others, was working about 60 feet back from the heading lifting into a car broken rock thrown out by previous blasts. He was on the west side of the tunnel, and as he was stooping down, engaged in this work, rock fell upon him from the western wall, causing the injuries complained of. No work had been done on the side of the tunnel at the locus in quo for from three to five weeks before the accident. It was conceded that there was no shoring or timbering in the tunnel of any kind. The rock ran in seams—was not a solid rock. The rib from which the piece fell ran up on a slant; beneath it there was a bench. From the bench to the projecting rib was about 2 feet. There was nothing underneath this. It was in three layers, about 10 feet in length, protruding out of the side the lowest 6 inches, the next 1 foot, and the third 2 or 3 feet. The portion that fell was about 10 feet above the bottom of the tunnel. The portion of rock which struck the plaintiff and pinned him against the car weighed about a ton. The evidence tending to show that projecting rocks had caved in from the same side of the tunnel at times previous to the accident was excluded under exception. Two days before the accident one of the plaintiff's coemployés attempted to remove this very rock with a crowbar, but the foreman in charge stopped him, saying, "That is none of your business; if you like to work, work; if you don't like to work, go home;" and when the laborer warned him "to look out, by and by the stones will fall," he replied, "I don't care." At the close of the plaintiff's case the learned trial court, on motion by the defendant, dismissed the complaint, and from the judgment thereon this appeal is taken.

The respondent urges that the dismissal was justified, within the principle absolving the master from liability where the prosecution of the work makes the place and creates the danger. Citrone v. O'Rourke Engineering Construction Co., 188 N. Y. 339, 80 N. E. 1092, 19 L. R. A. (N. S.) 340. If the plaintiff had been employed at the heading as one of the blasting gang, and the stone had fallen shortly after a

blast, the Citrone Case might have been applicable; but all active work upon the side of the tunnel at the place where the fall occurred had ceased for a considerable time before the accident, and under such circumstances, especially in actions brought under the Employers' Liability Act, we do not believe that the master's duty of proper inspection and reasonable care for the safety of his employés has been abrogated by the doctrine referred to. In Bertolami v. United Engineering & Contracting Co., 120 App. Div. 192, 105 N. Y. Supp. 90, after referring to the Citrone Case, this court said:

> "As there could be no other place for the men to work, there could be no liability on the part of the defendant for furnishing them with this place in which to work; but it seems to me that under the Employers' Liability Act there is a further question as to whether there was negligence of the employer or his superintendent which caused the injury, and thus in this case the court was required to submit that question to the jury."

In Henry v. Hudson & Manhattan Railroad Co., 201 N. Y. 140, 94 N. E. 623, Cullen, C. J., said:

> "The tunnel was being driven through a mass of rock. The method of work was to blast the rocks at the head of the tunnel by a gang of men called 'drillers,' and the material cast down by the blast was loaded by another gang into a car and taken out of the tunnel. The plaintiff belonged to the last-named gang, who were called 'muckers.' It was also the duty of the blasters to remove or pull down any pieces of rock which, after the blast, might project or be loose and in danger of falling. On the occasion of the accident the plaintiff, with the others of his gang, was sent by his foreman to remove the excavated material at the end of the tunnel. While there a piece of loose rock fell upon him, causing his death. The principle that the master is bound to provide his servant a safe place to work applies only where, in the conduct of the work, the master furnishes the place where the work is carried on. * * * It has no application to a case like the one before us, where the prosecution of the work itself makes the place to work. * * * This distinction should be clearly borne in mind when dealing with a common-law action for negligence; for, while the master is liable for the conduct of his servants in failing to maintain safe the place where the work is to be done, his liability is much more limited for defects in the prosecution of the work. * * * The common-law liability has been altered in this state in several respects by statute; but these statutes have no bearing on the case, as the accident occurred in New Jersey. * * * Evidence was given on behalf of the plaintiff that the day before the accident one Montgomery, who was the general superintendent of the work, was told by one of the workmen that the rocks at the head of the tunnel were dangerous and likely to fall, to which Montgomery replied that they did look pretty dangerous, and that he would have them removed by nightfall. The loose rocks were not removed, and there is no proof in the case (the complaint having been dismissed at the close of the plaintiff's case) that Montgomery did anything to have them removed or took any precautions against the danger."

And the judgment upon the dismissal of the complaint was reversed.

The case at bar seems to me to be stronger than the case cited, because, while that was under the common law, the one at bar is under the Employers' Liability Act. In the case cited the injured workman was working at the heading in the very place where a blast had lately occurred, but in the case at bar he was working at a place 60 feet back, where no work had been done on the walls for weeks. In both, however, there was proof of the notice of the dangerous condition, and no

evidence of inspection or attempt to remedy it. There is testimony in this case from which the jury could find that there were no scalers employed to examine the walls and scale down loose and dangerous rock. The important point in the case at bar is that the dangerous condition at the side of the tunnel was not of recent creation, or created or continued by anything the plaintiff or any of his muck gang did or omitted.

[2] We think it was error to exclude evidence under the circumstances of this case of previous falls of rock at the locus in quo. Such evidence was competent to show the nature of the place and notice thereof. We think that the plaintiff made out a prima facie case, and that it was error to dismiss the complaint at the close of his evidence.

The judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. Order filed. All concur.