HENRY LANG, Appellant, *v.* SAMUEL MUNDHEIM COMPANY, Respondent.

Second Department, February 21, 1917.

Master and servant — negligence — Labor Law — injury to shipping clerk while piling cases in warehouse — defect in floor causing tipping of case on which plaintiff was standing — evidence — question of fact.

In an action under the Labor Law brought by a shipping clerk against his employer, a manufacturer of hats, for personal injuries, it appeared that the defendant had laid boards from six to eight inches apart on four-inch joists over a concrete floor; that while the plaintiff was in the act of shifting a case of hats to the third or highest tier, and standing on the outside edge of a lower case, the edge being the only part of sufficient strength to sustain his weight, the case tilted into the space between the boards, throwing him to the floor.

*Held*, on all the evidence, that the defect was not in the cases, the piling of which comprised the plaintiff's work, but in the wooden floor, and that it was a question for the jury as to whether the accident could have happened if the boards had been close together.

APPEAL by the plaintiff, Henry Lang, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 4th day of

March, 1916, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*Adolph Ruger,* for the appellant.

*Milton Dammann* [*David Michelsohn* with him on the brief], for the respondent.

PER CURIAM:

The plaintiff, a servant, sued the corporate defendant, his master, for damages arising from injuries alleged to have been caused by the master's negligence. The specific ground of negligence was that the plaintiff was directed to work upon a floor that was not safe. The employers' liability provisions of the Labor Law (Consol. Laws, chap. 31 [Laws of 1909, chap. 36], art. 14, as amd. by Laws of 1910, chap. 352) were invoked. The case went to trial. The learned trial court dismissed the complaint at the close of the plaintiff's case, and the plaintiff appeals.

The defendant manufactures hats. The plaintiff, its assistant shipping clerk, was, by direction of his foreman, engaged in piling cases containing hats in a warehouse on defendant's premises. On the concrete floor of the warehouse, for the purpose of protecting the cases and their contents from dampness, the defendant had laid a wooden floor. That floor consisted of boards laid upon joists. The boards were seven-eighths of an inch in thickness, and the joists four inches in height. Between each board there was a space of from six to eight inches. On the slats comprising the floor the cases rested. The workmen piled them by standing on the lower cases. Ladders were not used; it was not the custom to use them. The plaintiff was in the act of shifting a case to the third or highest tier. With the case in his hands he stood on the outer edge of a lower case, the edge or end being the only part of a strength sufficient to sustain his weight. It may be gathered from the evidence that as he stood in that position his body acted as a lever, the edge of one of the slats as a fulcrum, and the case tilted into one of the open spaces. By reason of the tilting or tipping the plaintiff was thrown to the ground. It is a fair question whether the accident could have happened if the boards had been close together.

The learned trial court cited *Citrone* v. *O'Rourke Engineering Const. Co.* (188 N. Y. 339) and cases in line with it. It seemed to rely on *Stourbridge* v. *Brooklyn City R. R. Co.* (9 App. Div. 129), cited in the *Citrone* case. The *Stourbridge* case and the instant case are distinguishable. In that case it is held that the beam upon which the decedent sat, and which broke, was neither a place nor an appliance provided for the work, but was a part of the structure which he and other workmen were engaged in erecting. In the instant case, as we view it, the defect did not lie in the cases, the piling of which comprised the work, but in the wooden floor — an immutable base upon which the cases rested.

We think there was a case for the jury.

The judgment should be reversed and a new trial granted, costs to abide the event.

JENKS, P. J., THOMAS, STAPLETON, MILLS and RICH, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.